UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES D. JORDAN,<br>Petitioner, | Case No. 1:11-mc-06<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| UNITED STATES OF AMERICA, *et al.*,<br>Respondents. | **REPORT AND<br>RECOMMENDATION**[1] |

This civil action is before the Court on consideration of petitioner's petition to quash a third-party subpoena issued by respondent Internal Revenue Service ("IRS") (Doc. 1) and respondents' motion to dismiss (Doc. 2). For the reasons stated below, this Court recommends that respondents' motion to dismiss be granted.

## BACKGROUND

Pro se petitioner, James D. Jordan, filed a "Petition to Quash IRS Third Party Summons" attacking the sufficiency of the summons issued by Internal Revenue Agent Lara McIntosh ("Agent") to the Union Central Life Insurance Company ("Union Central") on January 7, 2011. The summons sought copies of cancelled checks issued by Union Central to petitioner, copies of direct deposit payments made to petitioner, and a copy of the direct deposit employee election form signed by petitioner. The request was limited to documents for the time period of January 1, 2007 to December 31, 2007. Union Central was given until February 8, 2011 to comply with the summons. (Doc. 1, Ex. 1, Copy of Summons).

Petitioner seeks to quash the summons pursuant to 26 U.S.C. § 7609(b) on the following grounds: (1) the IRS failed to give petitioner timely notice of the summons as

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

required by 26 U.S.C. § 7609(a)(1); (2) the IRS failed to notify petitioner that contact with third parties would be made and failed to provide him with a record of parties contacted as required by 26 U.S.C. § 7602(c)(1)-(2); (3) the summons was issued in violation of 26 U.S.C. § 7602(d)(2)(A) as a referral for criminal prosecution to the Department of Justice is pending; (4) the IRS failed to meet the good faith requirements of *U.S. v. Powell*, 379 U.S. 48 (1964); (5) the summons is in violation of federal privacy laws; and (6) the summons violates petitioner's Fourth Amendment rights. (Doc. 1 at 3-5). In lieu of seeking enforcement of the summons, respondents have moved to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

## ANALYSIS

The IRS has been granted the authority to investigate individuals who may owe internal revenue tax. 26 U.S.C. § 7601. "Unless a taxpayer has been referred to the Justice Department for criminal prosecution, the Internal Revenue Service may issue an administrative summons requiring any person having possession of financial records concerning the taxpayer to produce those records." *Hogan v. U.S.*, 873 F. Supp. 80, 81 (S.D. Ohio 1994) (citing 26 U.S.C. § 7602(a)(2)). When such summons issue, the IRS must serve a copy of the summons to the taxpayer within three days of service on the record-keeper. 26 U.S.C. § 7609(a). The taxpayer may move to quash the summons within 20 days after notice that a summons has been issued. 26 U.S.C. § 7609(b)(2)(A). The entity issuing the summons "may move to enforce a summons when it is challenged or it may move to dismiss the petition to quash and rely on third-party compliance of the

---

[2] Respondents filed their motion to dismiss on March 21, 2011. (Doc. 2). As of the date of this Report & Recommendation, petitioner has not filed a responsive pleading.

summons. *Hogan*, 873 F. Supp. at 81 (citing *Deleeuw v. IRS,* 681 F. Supp. 402 (E.D. Mich. 1987); *Cosme v. I.R.S.,* 708 F. Supp. 45 (E.D.N.Y. 1989)).

Here, respondents have opted to move to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6) rather than seek enforcement of the summons because the third party, Union Central, is willing to voluntarily comply with the summons[3] and petitioner alone is seeking to quash the summons. In such a situation, a Rule 12(b)(6) motion is a proper procedural mechanism to challenge a petition to quash a summons. *See Hibben v. U.S.*, No. 1:08-mc-052, 2009 WL 3571315, at *4 (S.D. Ohio July 14, 2009) (citing *Hogan*, 873 F. Supp. at 82; *Cosme*, 708 F. Supp. at 48; *Jungles v. U.S.*, 634 F. Supp. 585, 586 (N.D. Ill. 1986)). As the Court stated in *Cosme*:

> [W]hen faced with a petition to quash an IRS third-party summons, the government need not move to enforce the summons. Instead the government can rely on the voluntary compliance of third parties to effectuate the summons. Thus, when a taxpayer petitions to quash a summons, the government can move to dismiss the petition. Such a motion mirrors a 12(b)(6) motion to dismiss for failure to state a claim. *See Jungles v. United States,* 634 F. Supp. 585 (N.D. Ill. 1986). In a motion to dismiss the petition, the government does not have to establish a *Powell* prima facie case. Instead, the burden shifts immediately to the petitioner to establish a valid defense to the summons. *See Deleeuw v. I.R.S.,* 681 F. Supp. 402 (E.D. Mich. 1987).

*Cosme*, 708 F. Supp. at 48. To establish a valid defense to a 12(b)(6) motion, the petitioner must demonstrate that the issuance of the summons was an abuse of process. *Hibben*, 2009 WL 3571315, at *4. Such a defense may be demonstrated by "either disproving the existence of one of the *Powell* factors or pointing to specific facts suggesting that the IRS issued the summons in bad faith." *Id.* (citing *2121 Arlington Heights Corp. v. I.R.S.*, 109 F.3d 1221, 1224 (7th Cir. 1997)).

---

[3] According to the affidavit of Agent McIntosh, Union Central voluntarily complied with the summons by providing the requested documents on January 24, 2011. (Doc. 2, Ex. 1, "Declaration of Lara McIntosh").

3

Because the Court has considered the declaration of Agent McIntosh in conjunction with respondents' motion to dismiss, respondents' motion must be treated as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the supporting evidence demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). In the instant matter, petitioner has not submitted any filings responsive to respondents' motion.

The Court will examine each of petitioner's stated grounds for relief in turn. First, petitioner alleges that the summons must be quashed as it does not comply with the notice requirements of 26 U.S.C. § 7602(c)(1) and (2). (Doc. 1 at 3-4). Section 7602(c)(1) states that IRS employees may not contact third parties regarding a taxpayer's tax liability "without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made." 26 U.S.C. § 7602(c)(1). Further, § 7602(c)(2) requires that a taxpayer shall be periodically provided a record of third parties contacted to determine the tax liability of the taxpayer. 26 U.S.C. § 7602(c)(2). Section 7609 controls the notice requirements pertaining to summons served on third-party record-keepers and states that "notice of the summons shall be given to [the taxpayer]

4

within 3 days of the day on which such service is made, but no later than the 14th day before the day fixed in the summons as the day upon which such records are to be examined." 26 U.S.C. § 7609(a)(1)(B). Where the summons is mailed via certified mail to the taxpayer's last known address, within the prescribed time period, such notice shall be sufficient. 26 U.S.C. § 7609(a)(2).

Here, the Agent issued the summons to third-party Union Central via certified mail on January 7, 2011. (Doc. 1, Ex. 1; Doc. 2, Ex. 1, McIntosh Decl. at ¶ 6). That same day, a copy of the summons was sent via certified mail to petitioner. (Doc. 2, Ex. 1 McIntosh Decl. at ¶ 9; Doc. 2, Ex. 1, p. 7). Petitioner has presented no evidence disputing Agent McIntosh's Declaration and documentary evidence showing that the Agent issued petitioner notice of the third-party summons in the manner and time period provided by 26 U.S.C. § 7609. Accordingly, petitioner's first basis for quashing the summons fails.

Petitioner's second basis for quashing the summons is that respondents failed to provide him advance notice that contacts with third parties would be made and failed to provide periodic records of the persons contacted as required by 26 U.S.C. § 7602(c)(1) and (2). (Doc. 1 at 4). Respondents present evidence that prior to the issuance of the summons petitioner was put on notice that third parties might be contacted as a result of their investigation into petitioner's tax liability for the year of 2007. Specifically, the agent previously assigned to the case, Revenue Agent Benjamin Melgoza, provided petitioner with documents in 2010, including IRS publications and an individualized letter, which contained notifications that respondents may contact third parties in order to

secure information related to the investigation. (Doc. 2, Ex. 1 at ¶ 11, Doc. 2, Ex. 1, pp. 9-15).

As stated above, petitioner is entitled to reasonable notice that the IRS may contact third parties and to be periodically provided a record of contacted parties. 26 U.S.C. § 7602(c)(1) and (2). Here, the undisputed evidence shows that petitioner was put on notice as early as March 2010 that respondents would possibly contact third parties in order to secure information relevant to petitioner's tax liability. The evidence further demonstrates that petitioner was provided a record of respondents' contact with third-party Union Central in a timely manner. (Doc. 2, Ex. 1 at ¶ 9; Doc. 2, Ex. 1, p. 7). As petitioner has presented no contradictory evidence, his second notice claim must also fail.

Third, petitioner asserts that the summons must be quashed as it was issued in violation of 26 U.S.C. § 7602(d)(2)(A), as a referral for criminal prosecution to the Department of Justice was pending. (Doc. 1 at 4). Section 7602 provides that no administrative summons may be issued in relation to an IRS investigation "with respect to any person if a Justice Department referral is in effect with respect to such person." 26 U.S.C. § 7602(d)(2)(A). A referral to the Justice Department is effected if the IRS recommends to the Attorney General that a taxpayer be investigated by a grand jury or be criminally prosecuted for violations of internal revenue laws. 26 U.S.C. § 6103(h)(3)(B). For purposes of these provisions, each individual taxable period or event is treated separately. 26 U.S.C. § 7602(d)(3).

Here, petitioner seeks to quash a summons related to his tax liability for the 2007 period. Agent McIntosh's declaration avers that no Justice Department referral is in effect with respect to petitioner for the 2007 tax period. (Doc. 1, Ex. 1, McIntosh Decl.

6

at ¶ 13). Petitioner presents no evidence to the contrary and the unsupported allegation in his petition that a criminal prosecution by the Department of Justice is pending is insufficient to establish an issue of fact in this case. *See U.S. v. Sagittarius Recording Co.*, No. C-2-84-1492, 1985 WL 2042, at *3 (S.D. Ohio, June 4, 1985). *See also Stoffels v. Hegarty*, 267 F. App'x 814, 816 (10th Cir. 2008) (holding that IRS agent's declaration that no Justice Department referral had been made was sufficient to establish that the summons was not impermissibly issued). Accordingly, petitioner's third basis for quashing the summons is without merit.

Petitioner's fourth ground for quashing the summons is that respondents have failed to meet the "good faith" requirement enunciated in *United States v. Powell*, 379 U.S. 48 (1964). (Doc. 1 at 4). To establish a prima facie case for the enforcement of an administrative summons, "[t]he government must demonstrate that: (1) the investigation has a legitimate purpose; (2) the summoned materials are relevant to that investigation; (3) the information sought is not already within the IRS's possession; and (4) the IRS has followed the procedural steps outlined in 26 U.S.C. § 7603." *Jones v. U.S.*, No. 89-6512, 1990 WL 118247, at *2 (6th Cir. Aug. 16, 1990) (citing *U.S. v. Will*, 671 F.2d 963, 966 (6th Cir. 1982) (citing *Powell,* 379 U.S. at 57-58)).

As discussed above, on a motion to dismiss (or motion for summary judgment as in this case), petitioner bears the burden of establishing non-compliance with the *Powell* factors. *See Cosme*. 708 F. Supp. at 48. Petitioner has failed to meet his burden and, in any event, respondents have affirmatively demonstrated compliance with the *Powell* criteria.

In this case, the summons at issue was duly issued by the Agent in accordance with Internal Revenue Code provisions and in furtherance of an investigation with respect to the 2007 tax period as petitioner had not filed a tax return for that year. (Doc. 2, Ex. 1, McIntosh Decl. at ¶ 3). The Agent also affirmed that she and Agent Melgoza had followed all administrative steps required by the Internal Revenue Code, including providing for proper service of the summons and providing notice of the summons to petitioner. *Id.* at ¶¶ 6-7, 10-12. The Agent further swore that there was no Justice Department referral for the tax period of 2007, that the documents requested by the summons were not in her possession at the time, and that the information summoned was necessary to determine petitioner's tax liability for the year of 2007. *Id.* at ¶¶ 9, 13-14. As petitioner has presented no evidence refuting the Agent's declaration or made the required showing that enforcement of the summons would be an abuse of process, his fourth ground for quashing the summons fails.

Petitioner's fifth basis for relief asserts that respondents are in violation of "the Privacy Laws of the United States of America" by summoning these records. (Doc. 1 at 4-5). Petitioner has not identified the particular federal "privacy" laws upon which he relies. Moreover, the Supreme Court has held that privacy concerns related to third-party summons in tax liability cases are ameliorated by the procedural and notice requirements of 26 U.S.C. § 7609. *See Tiffany Fine Arts, Inc. v. U.S.*, 469 U.S. 310, 316 (1985) ("To deal with the [privacy] problem of a third-party summons in a case in which the IRS knows the identity of a taxpayer being investigated, Congress enacted §§ 7609(a) and (b); these subsections require that the IRS give notice of the summons to that taxpayer, and give the taxpayer the right to intervene in any proceeding with respect to the enforcement

8

of such summons.") (internal quotations and emphasis omitted). Accordingly, as there is no legal basis upon which this Court can find support for petitioner's claim that the instant summons violates federal privacy laws, his fifth claim must fail.

Petitioner's final claim, that the summons must be quashed as it violates his Fourth Amendment rights, is equally faulty. (Doc. 1 at 5). "The summons provision of Title 26 has repeatedly sustained constitutional attacks based on the First, Fourth, and Fifth Amendments to the Constitution." *Spine v. U.S.*, 670 F. Supp. 217, 221 (S.D. Ohio 1987) (citations omitted). There is no legitimate expectation of privacy in the contents of records voluntarily conveyed to a third party. *Katz v. U.S.*, 389 U.S. 347 (1967). This principle applies to records held by third-party record-keepers. *See U.S. v. Miller*, 425 U.S. 435, 441-43 (1976); *Harris v. U.S.*, 758 F.2d 456, 457 (9th Cir. 1985); *Hogan*, 873 F. Supp. at 81. Consequently, petitioner's final basis for quashing the summons is meritless and respondents' motion should be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion to quash IRS third party summons be **DENIED**.

2. Respondents' motion to dismiss (Doc. 2), which the Court construes as a motion for summary judgment, be **GRANTED**.

3. The remaining pending motions (Docs. 3 and 5) be **DENIED as MOOT**.

4. The Court decline to exercise supplemental jurisdiction over plaintiff's state claim (Doc. 1 at 5).

Date: 9/12/11

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES D. JORDAN,
Petitioner,

Case No. 1:11-mc-06
Barrett, J.
Litkovitz, M.J.

vs.

UNITED STATES OF AMERICA, *et al.*,
Respondents.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>James D. Jordan<br>11901 Paseo Del Rio<br>El Paso, TX 79936-3703 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4101 |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |